IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-CV-3530

LIZETH RUIZ-VENEGAS

Plaintiff,

V.

SMITH L SIMS

Defendant.

## DEFENDANT'S ANSWER AND JURY DEMAND

COMES NOW, the Defendant Smith L Sims ("Defendant"), by and through his attorney, Kirk M. Anderson of the Law Office of Eric J. Strobel, hereby submits his Answer and Jury Demand to Plaintiff's Complaint as follows:

### PARTIES

1. Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

3. Defendant re-alleges the responses set forth above to the respective paragraphs incorporated in paragraph 1-2 of Plaintiff's Complaint as if fully set forth herein.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint. This matter should be heard in the Federal District Court as the Defendant resides in a different state.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint. This matter should be heard in the Federal District Court as the Defendant resides in a different state.

## GENERAL ALLEGATIONS

6. Defendant re-alleges the responses set forth above to the respective paragraphs incorporated in paragraph 1-5 of Plaintiff's Complaint as if fully set forth herein.

7. Defendant admits the subject incident occurred on October 31, 2021. Defendant admits the incident occurred in El Paso, County, Colorado. Defendant is without sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. Defendant admits the subject incident occurred on October 31, 2021. Defendant admits the incident occurred in El Paso, County, Colorado. Defendant is without sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies same.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. Defendant waved Plaintiff to follow him to a safer location and pull over and Plaintiff did so. They met and exchanged information.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint and incorporates the response to paragraph 10, above.

12. Defendant denies negligence and denies causation of Plaintiff's injuries, if any. Defendant is without sufficient information with which to admit or deny that Plaintiff was injured in the collision and therefore denies paragraph 12 of Plaintiff's Complaint.

13. In response to the allegations contained in paragraph 13 of the Plaintiff's Complaint, Defendant denies negligence and deny causation of Plaintiff's injuries, if any. Defendant is without information with which to admit or deny that Plaintiff was injured in the collision and therefore denies that allegation. Defendant is without information with which to admit or deny whether Plaintiff has medical related expenses past and future; past and future rehabilitation; lost wages; economic and non-economic damages, pain and suffering, permanent impairment, medical expenses, lost income and earning capacity, out of pocket expenses, milage and loss of the enjoyment of life and therefore denies same. Any remaining allegations are denied.

## FIRST CLAIM FOR RELIEF
(Negligence)

14. Defendant re-alleges the responses set forth above to the respective paragraphs incorporated in paragraph 1-13 of Plaintiff's Complaint as if fully set forth herein.

15. In response to the allegations contained in paragraph 15 of the Plaintiff's Complaint, all drivers, including Plaintiff, have a duty of care as described. If the averment indirectly implies Defendant breached that duty, Defendant denies these allegations.

16. In response to the allegations contained in paragraph 16 of the Plaintiff's Complaint, Defendant denies these allegations.

17. Defendant denies negligence and denies causation of Plaintiff's injuries, if any. Defendant is without sufficient information with which to admit or deny that Plaintiff was injured in the collision and therefore denies paragraph 17 of Plaintiff's Complaint. Defendant is without sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies same.

18. In response to the allegations contained in paragraph 18 of the Plaintiff's Complaint, Defendant denies negligence and denies causation of Plaintiff's injuries, if any. Defendant is without information with which to admit or deny that Plaintiff was injured in the collision and therefore denies that allegation. Defendant is without information with which to admit or deny whether Plaintiff has economic and non-economic damages, pain and suffering, permanent impairment, medical expenses, lost income and earning capacity, out of pocket expenses, milage and loss of the enjoyment of life and denies same. Any remaining allegations are denied.

19. Defendant denies all allegations of each and every statement set forth in the WHEREFORE clause of Plaintiff's Complaint, including all claims for interest, fees, costs and further relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for damages against Defendant are barred, reduced, or governed by the contributory negligence or comparative fault of the Plaintiff and other persons or entities in accordance with the provisions set forth in C.R.S. §13-21-111, 111.5 and C.R.S. § 13-50.5-101, et. seq.

2. The alleged injuries and damages, if any, were proximately caused by unforeseeable intervening acts of third parties over whom the Defendant had neither control nor right of control.

3. Plaintiff's damages, if any, are barred or limited by the provisions of C.R.S. §13-21-102.5 (limitations on noneconomic loss or injury).

4. Plaintiff's claims for damages are barred or reduced as such damages were proximately caused by unrelated prior and/or subsequent events for which Defendant is not responsible.

5. Plaintiff's recovery is barred or reduced by payment from a collateral source pursuant to the provisions of C.R.S. §13-21-111.6.

6. Plaintiff has failed to mitigate their damages, if any, as required by law.

7. The Complaint fails to state a claim upon which relief may be granted.

8. Plaintiff may not be the real party in interest to pursue some or all of their claims against Defendant, and therefore, some or all of Plaintiff's claims may be barred as a matter of law.

9. Plaintiff may have knowingly and voluntarily assumed the risk of accident and injury, making applicable C.R.S. §13-21-111.7 and 13-21-111.

10. Defendant alleges Plaintiff's claims against her are substantially frivolous, groundless and vexatious and thus, entitle Defendant to an award of attorney's fees and costs pursuant to C.R.S. §13-17-102.

11. Any allegations contained in Plaintiff's Complaint not specifically admitted herein are denied.

12. Defendant respectfully reserves the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals are appropriate. To the extent the law and/or facts in this matter currently support any affirmative defense listed in C.R.C.P. 8(c) not heretofore stated, and/or to the extent any facts or law, later discovered or enacted support any such defenses, such defenses are hereby affirmatively pled.

WHEREFORE having fully answered Plaintiff's Complaint, Defendant prays for dismissal of same, costs, expert witness fees and attorney's fees incurred in the defense thereof and for such other and further relief as this Court deems just and proper under the circumstances.

## **DEFENDANT DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES**

Respectfully submitted this 20th day of December, 2024.

                                      **THE LAW OFFICES OF ERIC J. STROBEL**

                                      s/   Kirk M. Anderson
                                      Kirk M. Anderson
                                      The Law Offices of Eric J. Strobel
                                      1755 Telstar Drive, Suite 300
                                      Colorado Springs, CO 80920
                                      719-357-1411
                                      kirk.anderson@usaa.com
                                      Attorneys for Defendant Smith L Sims

## CERTIFICATE OF MAILING

I hereby certify on this 20th day of December, 2024, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND JURY DEMAND** was filed via Federal E-Filing System upon the attorneys on record including but not limited to:

Sandomire & Kuberry, PLLC
Andrew I. Sandomire, #35171
Jaynie R. Kuberry, #41511
561 Santa Fe Drive
Denver, CO 80204
andrew@303legal.com
jaynie@303legal.com
*Attorneys for Plaintiff*

Livenick Law, LLC
Torrey Livenick, Esq. # 52787
730 17th Street, Suite 900
Denver, CO 80202
torrey@livenicklaw.com
Torrey@303legal.com
*Attorneys for Plaintiff*

**THE LAW OFFICES OF ERIC J. STROBEL**

*Original signature on file at the Offices of Eric J. Strobel*

/s/ Stephanie Knull
Stephanie Knull, LPCS Legal Assistant
The Law Offices of Eric J. Strobel
Stephanie.knull@usaa.com